JUDGE FAILLA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE (UK)
LIMITED

          Plaintiffs,

   v.

KOREA GAS CORP.

          Defendant.

Civil Action No. _____ 15 CV 00923

**COMPLAINT FOR
COPYRIGHT
INFRINGEMENT**

RECEIVED
FEB 09 2015
U.S.D.C. S.D.N.Y.
CASHIERS

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their original Complaint against Korea Gas Corp. ("Defendant") based on personal knowledge and on information and belief as appropriate:

### INTRODUCTION

1.       Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

### THE PARTIES

2.     Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.      Plaintiff EIG UK is a United Kingdom limited company with a principal place of

business located at Interpark House 7, Down Street, London, WC1V 6PW United Kingdom.

4.      Upon information and belief, Defendant is a corporation organized and existing under the

laws of the Republic of South Korea, with its principal place of business in Seoul, South Korea.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over causes of action alleging copyright infringement

pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has jurisdiction over Defendant under 28 U.S.C. §§ 1330 and 1605 because

Defendant has transacted business in the State of New York by entering into contracts with EIG

governed by and construed under New York law for the purchase of subscriptions to the

publication that Defendant is alleged to have infringed in this lawsuit. (Exhibit D).

7.      In addition, this Court has jurisdiction over Defendant under 28 U.S.C. §§ 1330 and 1605

because, upon information and belief, Defendant has transacted business in New York and in the

U.S. by retaining a New York-based company called Sungmoon Sales & Marketing

("Sungmoon") to act as Defendant's agent and manage its subscriptions to the publication it is

alleged to have infringed in this lawsuit.

8.      During this time, Sungmoon had an office at 39-91 29th St. #3F, Astoria, NY 11106, and

also received correspondence at P.O. Box 09-0403, Brooklyn, NY 11209.

9.      In addition, this Court has jurisdiction over Defendant under 28 U.S.C. § 1330 and §1605

because, upon information and belief, Defendant has transacted business in the U.S. by retaining

a company called Journalpia Corp. ("Journalpia") to act as Defendant's agent and manage its

subscriptions to the publication Defendant is alleged to have infringed in this lawsuit.  Journalpia

has an office at 3960 Wilshire Boulevard, Suite 405, Los Angeles, CA 90010.

10.     In addition, this Court has personal jurisdiction over Defendant because the acts of copyright infringement alleged in this Complaint occurred within the State of New York and this District, and Defendant should have reasonably expected such acts to have consequences in New York because Defendant downloaded, and enabled Defendant's employees to download, Plaintiffs' copyrighted materials from Plaintiffs' servers located in New York.

11.     In addition, this Court has personal jurisdiction over Defendant under 28 U.S.C. § 1330 because Defendant is a foreign business corporation registered to conduct business in the state of Texas, and may be served in the U.S. through its designated agent for service of process, Junho Hwang, 1300 Post Oak Blvd., Suite 510, Houston, TX 77056, pursuant to 28 U.S.C. § 1608(b)(2) (Exhibit I).

12.     This Court also has personal jurisdiction over Defendant because Defendant has consented and agreed to jurisdiction in the Southern District of New York for any dispute, including copyright infringement, that relates to its subscriptions to Plaintiffs' publications at issue in this lawsuit, pursuant to Plaintiffs' Standard Terms and Conditions for use of its website. (Exhibit E).

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(f) and 1400(a).

## FACTS

### A.      Plaintiffs' Publications

14.     Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades.  In particular, Plaintiffs have published the weekly newsletter *World Gas Intelligence* ("WGI") since at least as early as 1989.

15.     The audience for Plaintiffs' publications, including WGI, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts and others who follow or work in these industries.  A copy of the June 4, 2014 issue of WGI (the "June 4, 2014 WGI Copyrighted Work") is attached hereto as Exhibit A.

16.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the oil and gas industries.  Plaintiffs have invested significant time and resources to develop their publications and services, including WGI.

17.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

18.     The original content and analysis created by Plaintiffs and included in WGI and their other original publications are valuable assets.  Plaintiffs also publish other original publications in addition to WGI, including, but not limited to:

        Energy Compass;
        Energy Intelligence Briefing;
        EI Finance;
        Oil Daily;
        International Oil Daily;
        Jet Fuel Intelligence;
        LNG Intelligence;
        Nefte Compass;
        Nuclear Intelligence Weekly;
        Natural Gas Week;
        EI New Energy;
        Petroleum Intelligence Weekly;
        Petroleum Intelligence Weekly Data Source;
        Oil Market Intelligence;
        Oil Market Intelligence Data Source;
        Natural Gas Weekly Data Source;
        NGW's Gas Market Reconnaissance;
        World Gas Intelligence Data Source;
        Nefte Compass Data Source; and
        New Energy Data Source.

19.     Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including WGI.

20.     In order for third parties to benefit from Plaintiffs' analytical and creative content contained in WGI and their other publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable information contained therein.

21.     Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain WGI and Plaintiffs' other publications by e-mail and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

22.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in WGI and Plaintiffs' other publications, as well as archived articles, from Plaintiffs. The license fee per article, per copy, for Plaintiffs' publications that are published weekly, such as WGI, is $24.00. The license fee for this Pay-Per-Article service is multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article.

23.     Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of WGI and others of Plaintiffs' publications, as well as archived issues, from Plaintiffs. The license fee per issue, per copy, for Plaintiffs' publications that are published weekly, such as WGI, is $395.00 for the two (2) most recent issues, and $95.00 for older issues. The license fee for this Pay-Per-Issue service is multiplied by the number of copies required to supply each user of the requested issue with an individual copy of the issue.

**B.**   **Plaintiffs' Copyrights and Notices**

24.     Plaintiffs provide copyright notices and warnings on their website, emails, articles and

publications, including WGI, so that third parties are aware of Plaintiffs' rights in their

publications and works of original authorship (the "Copyright Notice and Warnings").  As a

representative example, Plaintiffs' notification to Defendant of the availability of the June 4,

2014 WGI Copyrighted Work states:

> Copyright (c) 2014 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically,
> electronically, or via facsimile), including by sharing printed copies, or forwarding
> or posting on local- and wide-area networks and intranets, or sharing user name and
> password, is strictly prohibited without appropriate license from EIG. Contact
> customerservice@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in Plaintiffs'

notification to Defendant of the availability of the June 4, 2014 WGI Copyrighted Work

is attached hereto as Exhibit B.

25.     As an additional representative example, the Copyright Notice and Warnings on the front

cover of the June 4, 2014 WGI Copyrighted Work specifically states: "Copyright © 2014 Energy

Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for

internal use, is prohibited." (Exhibit A).

26.     As a further representative example, the Copyright Notice and Warnings on the bottom of

the second page of the June 4, 2014 WGI Copyrighted Work specifically state:

> Copyright © 2014 by Energy Intelligence Group, Inc. . . .  All rights reserved.
> Access, distribution and reproduction are subject to the terms and conditions of
> the subscription agreement and/or license with Energy Intelligence.  Access,
> distribution, reproduction or electronic forwarding not specifically defined and
> authorized in a valid subscription agreement or license with Energy Intelligence is
> willful copyright infringement.  Additional copies of individual articles may be
> obtained by using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 2).

27.     Based upon these representative examples of the Copyright Notice and Warnings,

Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright

Act, 17 U.S.C. § 401.  Accordingly, Defendant knew or should have known that the June 4, 2014

WGI Copyrighted Work and all other issues of WGI received by Defendant (hereinafter

collectively referred to as the "WGI Copyrighted Works") were protected by the U.S. copyright

laws.

28.     Having complied with the copyright notice requirements set forth in the Copyright Act,

17 U.S.C. § 401, Plaintiffs have provided Defendant with complete and proper notice of

Plaintiffs' copyright rights.

29.         Among other copyright registrations, Plaintiffs are the owners of the following

U.S. Copyright Registrations for the WGI Copyrighted Works, attached hereto as Exhibit C.

- No. TX 5-999-812 for Volume 15 covering 4 works published in May 2004;
- No. TX 5-999-812 for Volume 15 covering 5 works published in June 2004;
- No. TX 6-008-274 for Volume 15 covering 4 works published in July 2004
- No. TX 6-019-425 for Volume 15 covering 4 works published in August 2004;
- No. TX 6-055-352 for Volume 15 covering 5 works published in September 2004;
- No. TX 6-055-363 for Volume 15 covering 4 works published in October 2004;
- No. TX 6-099-343 for Volume 15 covering 4 works published in November 2004;
- No. TX 6-099-344 for Volume 15 covering 4 works published in December 2004;
- No. TX 6-124-333 for Volume 16 covering 4 works published in January 2005;
- No. TX 6-124-333 for Volume 16 covering 4 works published in February 2005;
- No. TX 6-146-618 for Volume 16 covering 5 works published in March 2005;
- No. TX 6-146-617 for Volume 16 covering 4 works published in April 2005;
- No. TX 6-167-279 for Volume 16 covering 4 works published in May 2005;
- No. TX 6-203-947 for Volume 16 covering 5 works published in June 2005;
- No. TX 6-225-374 for Volume 16 covering 4 works published in July 2005;
- No. TX 6-224-839 for Volume 16 covering 5 works published in August 2005;
- No. TX 6-227-289 for Volume 16 covering 4 works published in September 2005;
- No. TX 6-244-348 for Volume 16 covering 4 works published in October 2005;
- No. TX 6-253-447 for Volume 16 covering 5 works published in November 2005;

- No. TX 6-340-916 for Volume 16 covering 3 works published in December 2005;
- No. TX 6-300-725 for Volume 17 covering 4 works published in January 2006;
- No. TX 6-310-974 for Volume 17 covering 4 works published in February 2006;
- No. TX 6-313-727 for Volume 17 covering 5 works published in March 2006;
- No. TX 6-346-016 for Volume 17 covering 4 works published in April 2006;
- No. TX 6-350-916 for Volume 17 covering 5 works published in May 2006;
- No. TX 6-397-448 for Volume 17 covering 4 works published in June 2006;
- No. TX 6-481-094 for Volume 17 covering 4 works published in July 2006;
- No. TX 6-431-291 for Volume 17 covering 5 works published in August 2006;
- No. TX 6-461-772 for Volume 17 covering 4 works published in September 2006;
- No. TX 6-481-417 for Volume 17 covering 4 works published in October 2006;
- No. TX 6-489-756 for Volume 17 covering 5 works published in November 2006;
- No. TX 6-508-178 for Volume 17 covering 3 works published in December 2006;
- No. TX 6-506-660 for Volume 18 covering 5 works published in January 2007;
- No. TX 6-543-932 for Volume 18 covering 4 works published in February 2007;
- No. TX 6-549-386 for Volume 18 covering 4 works published in March 2007;
- No. TX 6-575-687 for Volume 18 covering 4 works published in April 2007;
- No. TX 6-611-057 for Volume 18 covering 5 works published in May 2007;
- No. TX 6-626-620 for Volume 18 covering 4 works published in June 2007;
- No. TX 6-626-617 for Volume 18 covering 4 works published in July 2007;
- No. TX 6-628-391 for Volume 18 covering 5 works published in August 2007;
- No. TX 6-628-387 for Volume 18 covering 4 works published in September 2007;
- No. TX 6-628-330 for Volume 18 covering 5 works published in October 2007;
- No. TX 6-663-244 for Volume 18 covering 4 works published in November 2007;
- No. TX 6-663-242 for Volume 18 covering 3 works published in December 2007;
- No. TX 6-647-644 for Volume 19 covering 5 works published in January 2008;
- No. TX 6-666-167 for Volume 19 covering 4 works published in February 2008;
- No. TX 6-666-168 for Volume 19 covering 4 works published in March 2008;
- No. TX 6-677-869 for Volume 19 covering 5 works published in April 2008;
- No. TX 6-677-873 for Volume 19 covering 4 works published in May 2008;
- No. TX 6-678-232 for Volume 19 covering 4 works published in June 2008;
- No. TX 6-688-268 for Volume 19 covering 5 works published in July 2008;
- No. TX 6-679-300 for Volume 19 covering 4 works published in August 2008;
- No. TX 6-678-876 for Volume 19 covering 4 works published in September 2008;
- No. TX 6-682-029 for Volume 19 covering 5 works published in October 2008;
- No. TX 6-682-710 for Volume 19 covering 4 works published in November 2008;
- No. TX 6-682-707 for Volume 19 covering 4 works published in December 2008;
- No. TX 6-684-567 for Volume 20 covering 4 works published in January 2009;
- No. TX 6-769-886 for Volume 20 covering 4 works published in February 2009;
- No. TX 6-688-125 for Volume 20 covering 4 works published in March 2009;
- No. TX 6-688-126 for Volume 20 covering 5 works published in April 2009;
- No. TX 6-701-331 for Volume 20 covering 4 works published in May 2009;
- No. TX 6-701-335 for Volume 20 covering 4 works published in June 2009;
- No. TX 6-684-714 for Volume 20 covering 5 works published in July 2009;
- No. TX 6-684-724 for Volume 20 covering 4 works published in August 2009;

- No. TX 6-769-428 for Volume 20 covering 5 works published in September 2009;
- No. TX 6-769-427 for Volume 20 covering 4 works published in October 2009;
- No. TX 6-778-045 for Volume 20 covering 4 works published in November 2009;
- No. TX 6-716-597 for Volume 21 covering 4 works published in January 2010;
- No. TX 6-716-569 for Volume 21 covering 4 works published in February 2010;
- No. TX 6-776-725 for Volume 21 covering 5 works published in March 2010;
- No. TX 6-776-726 for Volume 21 covering 4 works published in April 2010;
- No. TX 6-716-443 for Volume 21 covering 4 works published in May 2010;
- No. TX 6-778-529 for Volume 21 covering 5 works published in June 2010;
- No. TX 6-705-304 for Volume 21 covering 4 works published in July 2010;
- No. TX 6-777-318 for Volume 21 covering 4 works published in August 2010;
- No. TX 6-777-322 for Volume 21 covering 5 works published in September 2010;
- No. TX 6-780-141 for Volume 21 covering 4 works published in October 2010;
- No. TX 6-785-265 for Volume 22 covering 4 works published in January 2011;
- No. TX 6-785-258 for Volume 22 covering 4 works published in February 2011;
- No. TX 6-781-721 for Volume 22 covering 5 works published in March 2011;
- No. TX 6-781-722 for Volume 22 covering 4 works published in April 2011;
- No. TX 6-788-154 for Volume 22 covering 4 works published in May 2011;
- No. TX 6-788-155 for Volume 22 covering 5 works published in June 2011;
- No. TX 7-459-566 for Volume 22 covering 4 works published in July 2011;
- No. TX 7-459-219 for Volume 22 covering 5 works published in August 2011;
- No. TX 7-591-146 for Volume 22 covering 4 works published in September 2011;
- No. TX 7-590-837 for Volume 22 covering 4 works published in October 2011;
- No. TX 7-617-858 for Volume 22 covering 5 works published in November 2011;
- No. TX ------------- for Volume 22 covering 3 works published in December 2011 (application pending);
- No. TX 7-616-240 for Volume 23 covering 4 works published in January 2012;
- No. TX 7-616-248 for Volume 23 covering 5 works published in February 2012;
- No. TX 7-596-560 for Volume 23 covering 4 works published in March 2012;
- No. TX 7-592-746 for Volume 23 covering 4 works published in April 2012;
- No. TX 7-630-819 for Volume 23 covering 5 works published in May 2012;
- No. TX 7-633-307 for Volume 23 covering 4 works published in June 2012;
- No. TX 7-660-947 for Volume 23 covering 4 works published in July 2012;
- No. TX 7-615-867 for Volume 23 covering 5 works published in August 2012;
- No. TX 7-615-812 for Volume 23 covering 4 works published in September 2012;
- No. TX ------------ for Volume 23 covering 5 works published in October 2012 (application pending);
- No. TX ------------ for Volume 23 covering 4 works published in November 2012 (application pending);
- No. TX 7-688-975 for Volume 23 covering 3 works published in December 2012;
- No. TX 7-690-147 for Volume 24 covering 5 works published in January 2013;
- No. TX 7-707-521 for Volume 24 covering 4 works published in February 2013;
- No. TX 7-698-740 for Volume 24 covering 4 works published in March 2013;
- No. TX 7-732-139 for Volume 24 covering 4 works published in April 2013;
- No. TX 7-732-173 for Volume 24 covering 5 works published in May 2013;

• No. TX 7-731-960 for Volume 24 covering 4 works published in June 2013;

• No. TX ------------ for Volume 24 covering 5 works published in July 2013 (application pending);

• No. TX ------------ for Volume 24 covering 5 works published in August 2013 (application pending);

• No. TX ----------- for Volume 24 covering 4 works published in September 2013 (application pending);

• No. TX ------------ for Volume 24 covering 5 works published in October 2013 (application pending);

• No. TX ------------ for Volume 24 covering 4 works published in November 2013 (application pending);

• No. TX 7-808-952 for Volume 24 covering 3 works published in December 2013;

• No. TX 7-875-048 for Volume 25 covering 5 works published in January 2014;

• No. TX ------------ for Volume 25 covering 4 works published in February 2014 (application pending);

• No. TX ------------ for Volume 25 covering 4 works published in March 2014 (application pending);

• No. TX 7-891-089 for Volume 25 covering 5 works published in April 2014;

• No. TX ------------ for Volume 25 covering 4 works published in May 2014 (application pending);

• No. TX -------------- for Volume 25 covering 4 works published in June 2014 (application pending);

• No. TX -------------for Volume 25 covering 5 works published in July 2014 (application pending);

• No. TX ------------ for Volume 25 covering 4 works published in August 2014 (application pending);

• No. TX -------------- for Volume 25 covering 4 works published in September 2014 (application pending);

• No. TX ------------ for Volume 25 covering 5 works published in October 2014 (application pending);

• No. TX -------------for Volume 25 covering 4 works published in November 2014 (application pending);

• No. TX-------------for Volume 25 covering 4 works published in December 2014 (application pending);

• No. TX -------------for Volume 26 covering 4 works published in January 2015 (application pending)

## C.   Defendant's Subscription History

30.   Defendant has subscribed to WGI since at least as early as 1991.

31.   On June 30, 1991, Defendant entered into a single-copy subscription agreement with EIG

to receive WGI by print delivery.

32.     Defendant continued to maintain and renew its single-copy print subscription to WGI from June 30, 1991 through January 16, 2003.

33.     On or about January 16, 2003, Defendant renewed its single-copy subscription agreement for WGI and elected to receive WGI through access to EIG's website.

34.     At this time, Defendant also changed the individual designated to receive its single-copy subscription to WGI from Young-Son Park to "Myung Jo Shin," and designated the associated email address as mjs@kogas.or.kr.

35.     On January 16, 2003, and continuing through the present, Plaintiffs' website has been hosted on servers located in New York and this District.

36.     In order to access WGI and Plaintiffs' other publications through its website, all subscribers must access Plaintiffs' servers and download the file containing the publication into their computer's cache memory.

37.     Defendant maintained its single-copy subscription for web access of WGI through February 9, 2005 at which time the subscription expired.

38.     On January 28, 2005, Plaintiffs received a new order for a single-copy web access subscription to WGI.  The subscriber was a company called Sungmoon Sales & Marketing ("Sungmoon"), and the designated recipient was identified as Mikyung Chang.  However, the email address associated with the account remained mjs@kogas.or.kr

39.     Upon information and belief, Sungmoon was authorized by Defendant to act on its behalf as an agent for receiving delivery of WGI and/or renewing its subscription.

40.     Defendant maintained its single copy subscription of WGI through April 20, 2011, at which time the subscription expired.

41.     On January 20, 2011, Plaintiffs received a new order for a single copy subscription to WGI for delivery by print and web access from a company called Journalpia Corp. ("Journalpia")

42.     Upon information and belief, Journalpia is authorized by Defendant to act on its behalf as an agent for receiving delivery of WGI and/or renewing its subscription.

43.     From January 20, 2011 to the present, Journalpia has renewed Defendant's subscription to WGI on behalf of Defendant.

44.     On January 23, 2013, the designated recipient on Defendant's account was changed to "Myeong-Jo Shin." Ms. Shin has remained the designated recipient through the present.

45.     Upon information and belief, "Myeong-Jo Shin" is an alternate spelling of the name "Myung Jo Shin," who became the designated recipient of Defendant's WGI subscription on January 16, 2003.

46.     Defendant's current single copy subscription to WGI expires on February 2, 2015.

47.     Since as early as 1991, Plaintiffs have transmitted to Defendant and/or its agent(s) an invoice and subscription agreement on an annual basis for renewal of its single copy subscription to WGI.

48.     A true and correct copy of the invoice and subscription agreement for Defendant's single copy subscription to WGI in effect on June 4, 2014, attached hereto as Exhibit D (the "WGI Agreement"), specifically states that "[b]y payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice." (Exhibit D at 1)

49.     Upon information and belief, Defendant's agent(s) have been authorized to pay the

invoices provided by Plaintiffs and to bind Defendants to the terms of the subscription

agreements.

50.     The WGI Agreement further states in part: "All unauthorized reproductions, or

disseminations or other uses of material contained in the EIG Services shall be deemed willful

infringement of EIG's copyright and/or other proprietary and intellectual property

rights." (Exhibit D at 2).

51.     No agreement between Plaintiffs and Defendant has ever authorized Defendant or any of

its employees and/or agent(s) to make and distribute copies of the WGI Copyrighted Works,

including the June 4, 2014 WGI Copyrighted Work through sharing of the authorized

subscriber's user ID and password to download infringing copies, in violation of Plaintiffs'

registered copyrights.

52.     The forum selection clause in Plaintiffs' Standard Terms and Conditions, which

Defendant affirmatively accepted when accessing Plaintiffs' website, states, in pertinent part:

> Jurisdiction and venue for any litigation arising herefrom, including copyright
> infringement, will be appropriate in any federal or state court located in New York
> or other proper jurisdiction as determined under the Federal Rules of Civil
> Procedure, or other applicable state laws or regulations. If such action is filed in
> New York, Subscriber hereby agrees and consents to personal jurisdiction in any
> court located within the State of New York.

(Exhibit E at 4).

## D.     Defendant's Infringement of Plaintiffs' Copyrighted Works

53.     After discovering infringement of WGI by Korea Gas Union (KGU), a Korean gas

industry association of which Defendant is a member, Plaintiffs reviewed the subscription

history of KGU's member companies, including Defendant, during preparation of a May 2, 2014

letter to KGU.

54.     Plaintiffs discovered that as recently as June 17, 2014, copies of the WGI Copyrighted Works, and/or the articles contained therein were regularly accessed and downloaded onto many different computers using the User ID and password given to Defendant to access its single copy subscription to WGI.

55.     Upon information and belief, Defendant allowed multiple individuals to create multiple infringing copies of the WGI Copyrighted Works through access to Plaintiffs' website from Internet Protocol ("IP") addresses registered to Korea Gas Corp., and also from IP addresses registered to Korea Telecom, Haionnet, Korean Network Information Center (KRNIC), the Institute of Energy Economics Japan, and several internet service providers in foreign countries, including Tvacabo Mozambique, Teledata Mozambique, Houston Comcast and Emirates Integrated Telecommunications Co.

56.     Multiple unique computers accessed Plaintiffs' website from Defendant's account and downloaded multiple copies of the WGI Copyrighted Works and/or the articles contained therein, often from different countries, and from different continents, and often within hours of separate computers accessing and downloading copies of the WGI Copyrighted Works from IP addresses located in South Korea.

57.     On May 20, 2014, John Hitchcock, Managing Director at EIG, sent a letter to Jang Seok-Hyo, the President & CEO of Korea Gas Corp. at the time, notifying him of Defendant's infringement of Plaintiffs' copyrights in the WGI Copyrighted Works.  (Exhibit F)

58.     After receiving no response to his May 20, 2014 letter, Mr. Hitchcock sent a second letter on May 30, 2014.  (Exhibit G).

59.     Mr. Hitchcock indicated in this letter that Defendant's subscription access activity recorded by Plaintiffs' New York-based servers demonstrated that unauthorized access and

downloading copies of the WGI Copyrighted Works, and/or the articles contained therein was taking place.

60.     Upon information and belief, Defendant's unauthorized access and downloading of copies of the WGI Copyrighted Works, and/or the articles contained therein from Plaintiffs' servers continued after May 20, 2014.

61.     On June 11, 2014, Mr. Hitchcock received a letter from Myung Cho Shin, Defendant's Deputy Manager, General Affairs Team.  (Exhibit H).  Ms. Shin indicated that she was responsible for subscriptions and that Mr. Hitchcock's May 20 and 30, 2014 letters had been forwarded to her.

62.     Upon information and belief, "Myung Cho Shin" is an alternate spelling of "Myeong-Jo Shin," who has been a designated recipient of Defendant's WGI single-copy subscription since at least January 23, 2013.

63.     In her letter, Ms. Shin stated that she had performed a full company-wide investigation and had found no copyright infringement.  She then suggested that if there was infringement, it was because the password for Plaintiffs' website had been stolen, and that it would be reset.

64.     Upon information and belief, Defendant's computer system is highly secure and only those individuals or entities that Defendant designates may access the system.

65.     Upon information and belief, Defendant's computer system cannot be accessed by the general public or by Plaintiffs.

66.     Plaintiffs' review of Defendant's subscription history on or about May 2, 2014 was the first time that Plaintiffs learned that Defendant was engaged in unauthorized copying and distribution of the WGI Copyrighted Works.

67.     Upon information and belief, Defendant actively, fraudulently, and willfully concealed its regular and systematic reproduction and distribution of copies of the WGI Copyrighted Works and the articles contained therein.

68.     Upon information and belief, Defendant annually renewed a single-copy subscription to WGI while allowing multiple third parties and/or employees to make multiple copies of the WGI Copyrighted Works and/or the articles contained therein beyond what is permitted in the subscription agreements.

69.     Without access to Defendant's computer system, and having received no notice that Defendant required multiple copies of WGI and/or intended to distribute WGI to multiple individuals.  Plaintiffs remained unaware that Defendant was infringing WGI in this manner until on or about May 2, 2014.

70.     Upon information and belief, Defendant's actions of reproducing and distributing copies of the WGI Copyrighted Works constitutes willful infringement of Plaintiffs' valid and subsisting copyrights in the WGI Copyrighted Works and the articles therein.

## CAUSE OF ACTION

### COUNT ONE
### (COPYRIGHT INFRINGEMENT
### OF THE WGI COPYRIGHTED WORKS)

71.     Plaintiffs repeat and allege Paragraphs 1 through 70 as though fully set forth herein.

72.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the WGI Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the WGI Copyrighted Works (*see* Exhibit C).

73.     Each entire publication and the articles contained in the WGI Copyrighted Works are highly original and contain creative expression and independent analysis (*see* Exhibit A).

74.     Copies of the WGI Copyrighted Works and the articles contained therein were made available to and were received by Defendant pursuant to single copy subscription agreements.

75.     Upon information and belief, Defendant has for years willfully copied and distributed copies of the WGI Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs.

76.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the various warnings contained in each of Plaintiffs' publications, including the WGI Copyrighted Works and the daily transmittal cover emails, Defendant knew and/or was on notice that the WGI Copyrighted Works are protected by copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

77.     Defendant's single copy subscription agreements to the WGI Copyrighted Works prohibit any copying and distributing of any WGI work, including the June 4, 2014 WGI Copyrighted Work, and any articles contained therein.

78.     Upon information and belief, Defendant willfully infringed the copyrights in the WGI Copyrighted Works and the articles contained therein, by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

79.     Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the WGI Copyrighted Works and the articles contained therein. Defendant's past and continuing copying, transmitting and distributing of Plaintiffs' WGI Copyrighted Works and the articles contained therein, constitute a willful, deliberate and

ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

80.     Plaintiffs have no adequate remedy at law.

### DEMAND

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claims as follows:

(1)     That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of WGI including the WGI Copyrighted Works and the articles contained therein;

(2)     That Defendant be required to pay to Plaintiffs such actual damages as they have sustained and/or statutory damages as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3)     That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)     That Defendant be required to pay Plaintiffs an award of statutory damages, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)     That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of

Plaintiffs' copyrighted materials;

(6)     That the Court enter judgment against Defendant in favor of Plaintiffs for all claims,

including pre- and post-judgment interest, as allowed by law;

(7)     That the Court enter judgment against Defendant finding that its unlawful copying,

transmitting, and distribution of the WGI Copyrighted Works and the articles

contained therein is willful;

(8)     That Defendant be ordered to pay to Plaintiffs their costs in this action along with

reasonable attorneys' fees; and

(9)     That Plaintiffs be granted such further relief as the Court deems just and proper.


Respectfully submitted,

Dated: February 9, 2015                     By: _____
                                            Robert L. Powley (RP7674)
                                            James M. Gibson (JG9234)
                                            Matthew F. Abbott (MA1025)

                                            POWLEY & GIBSON, P.C.
                                            304 Hudson Street, Suite 202
                                            New York, New York 10013
                                            Telephone: (212) 226-5054
                                            Facsimile: (212) 226-5085
                                            rlpowley@powleygibson.com
                                            jmgibson@powleygibson.com
                                            mfabbott@powleygibson.com


                                            Counsel for Plaintiffs
                                            ENERGY INTELLIGENCE GROUP, INC. and
                                            ENERGY INTELLIGENCE GROUP (UK)
                                            LIMITED